UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA,**

                Plaintiff,

v.                                                                                          20-CR-29A

**RODNEY PIERCE,**

                Defendant.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Rodney Pierce ("the defendant"), is charged in a Superseding Indictment along with seven co-defendants with having violated Title 21 U.S.C. § 846 (Count 1) and Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (Counts 7 – 10), Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 11), Title 21 U.S.C. § 856(a)(1) (Count 12), and Title 18 U.S.C. § 924(c)(1)(A)(i) and 2 (Count 13).   Dkt. #24.

On November 24, 2021, this Court issued its Report, Recommendation and Order wherein it recommended "that the defendant's request for an evidentiary hearing be denied and that his motion seeking suppression of the use of evidence seized from his person and vehicle on February 19, 2020 and obtained from the search of the two cell phones pursuant to a search warrant be denied in all respects." Dkt. # 305, p. 14.   The defendant filed a motion for reconsideration of this Court's Report, Recommendation and Order on February 8, 2022.   Dkt. #346.   The government filed its opposition to the defendant's motion on February 18, 2022. Dkt. #358.   Oral Argument on the defendant's motion for reconsideration was heard by this Court on September 6, 2022 at which time the Court granted the defendant's application to file his affidavit in support of his request for an evidentiary hearing in conjunction with his motion for reconsideration of this Court's Report, Recommendation and Order of November 24, 2021.   On October 6, 2022, the defendant filed his affidavit in support of his motion for reconsideration and for an evidentiary hearing on the issue. The government filed its opposition to same on October 18, 2022.   See Dkt. #s 464 and 467, respectively.   On October 25, 2022, the defendant filed a Reply in further support of his request for an evidentiary hearing.   Dkt. #472.

## DISCUSSION AND ANALYSIS

In support of his motion for reconsideration of this Court's Report, Recommendation and Order of November 24, 2021 and his request for an evidentiary

hearing, the defendant argues that there are "two factual disputes critical to the disposition of the instant case that can only be resolved with an evidentiary hearing." Dkt. #472, p. 3.   Specifically, he "contends that: (1) he did not leave Auto Zone on February 19, 2020 due to the presence of a marked patrol car; and (2) the conversations he had with the CI on February 19, 2020 lacked specific information to support law enforcement's conclusions regarding the purported arrangement between [him] and the CI to meet at Auto Zone for the delivery of a kilogram of cocaine." Dkt. #472, p. 3.

The facts relevant to these two claims of the defendant have been previously set forth by this Court in its Report, Recommendation and Order of November 24, 2021.   Dkt. #305, pp. 2-4.

### A.   Defendant's Claim of "Factual Misrepresentations by S.A. Webb"

The defendant's assertion that a "key fact" that this Court "relied upon in support of its probable cause determination that [the defendant's] purported conduct provided a basis for the police to follow him to 56 Grimes under the suspicion that [the defendant] was using the vehicle 'as an instrument to carry out [ ] illegal activity' (*i.e.*, deliver cocaine)" is erroneous.

The foundation or "key fact[s]" supporting this Court's finding of probable cause for the arrest of the defendant and a search of his vehicle on February 19, 2020

was the information obtained by the Erie County Sheriff's deputies from an informant that they had arrested earlier in the day on drug charges.  As reported by S.A. Webb in his affidavit in support of the Criminal Complaint charging the defendant, the informant was a "target" of the Erie County Sheriff's Office involving drug trafficking and he was arrested at 11:30 a.m. on February 19, 2020 and "a subsequent search of the target resulted in the discovery of approximately ½ ounce of cocaine and cocaine base on the target's person."  Search warrants authorizing the search of the specified residences and an "additional vehicle" resulted in the recovery of weapons, ammunition, 1-1/2 kilograms of cocaine, large amounts of currency and drug paraphernalia.  Thereupon, a "post *Miranda* interview of the target was conducted" and the target admitted that "the cocaine found in his possession and seized at his residence were supplied to him by David Burgin approximately 1 week prior" and that "Burgin utilize[d] his nephew, Rodney Pierce, to deliver cocaine."  The target also "provided telephone numbers for Burgin and Pierce and stated that [the target] contacts Pierce to place the order."  The "target expressed a willingness to cooperate with law enforcement" and as a result, at the direction of law enforcement, the confidential informant placed a call to the defendant which was consensually monitored by law enforcement officers for the purpose of arranging for the sale of drugs by the defendant to the confidential informant. In furtherance of this purpose, a number of text messages and recorded communications were exchanged between the defendant and the confidential informant which resulted in an agreement that the defendant would deliver a kilogram of cocaine to the confidential informant at an agreed upon location, to wit, the Auto Zone located on Broadway in the City of Buffalo.  A law enforcement surveillance team was set up in

the vicinity of the Auto Zone on Broadway and the defendant was observed arriving at that site by law enforcement personnel in a white Dodge Caravan vehicle.   In his affidavit of February 20, 2020, S.A. Webb merely stated:

> At the time of the surveillance an unrelated marked Buffalo Police Patrol Unit was observed in the area of the Auto Zone resulting in Pierce departing the area.

Dkt. #1, p. 6, ¶ 10.

S.A. Webb was merely describing an event that occurred at the Auto Zone on February 19, 2020.   It was this Court that erroneously indicated that "because an unrelated marked Buffalo Police Patrol Unit drove into the area, the defendant left the Auto Zone parking lot."   Dkt. #305, p. 3.

It is emphasized that the leaving of the Auto Zone parking lot for whatever reason by the defendant was not a "key fact" in this Court's Report, Recommendation and Order.   What is of substance is the fact that the defendant came to the prior agreed upon location, *i.e.*, Auto Zone on Broadway, at the agreed upon time with the confidential informant in the monitored phone calls and text messages.   When the defendant departed the Auto Zone parking lot, law enforcement, based on the prior information it had acquired that day from the confidential informant, had a legal right to continue its surveillance of the defendant by following him to 56 Grimes Street, Buffalo, New York.   "What a person knowingly exposes to the public is not a subject of Fourth Amendment protection."   *Katz v. United States*, 389 U.S. 347, 351 (1967).

Even if there has been a mistake as to why the defendant left the Auto Zone parking lot on February 19, 2020, that mistake has no legal bearing on the Court's finding of probable cause in this case. The "Fourth Amendment allows for some mistakes on the part of government officials, giving them fair leeway for enforcing the law in the community's protection. The Fourth Amendment requires government officials to act reasonably, not perfectly." *Brinegar v. United States*, 338 U.S. 160, 176 (1949); *see also Heien v. North Carolina*, 574 U.S. 54 (2014); *Illinois v. Rodriguez*, 497 U.S. 177, 183-186 (1990). When considering the totality of the facts and circumstances known by law enforcement personnel on February 19, 2020 regarding the defendant, their actions were certainly reasonable and in keeping with the Fourth Amendment's requirements as to probable cause.

The defendant's claim that because S.A. Webb was not present during "any of the events on February 19, 2020" an evidentiary hearing must be held is without legal merit. As the Second Circuit Court of Appeals has stated:

> Under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation. See United States v. Hensley, 469 U.S. 221, 230-33, 105 S. Ct., 675,83 L.Ed.2d 604 (1985); United States v. Canieso, 470 F.2d 1224, 1230 n. 7 (2d Cir. 1972). "The rule exists because, in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation; sometimes his authority to arrest a suspect is based on facts known only to his superiors or associates." United States v. Valez, 796 F.2d 24, 28 (2d Cir.1986).

*United States v. Colon*, 250 F.3d.130, 135 (2d. Cir. 2001); *Panetta v. Crowley*, 460 F3d. 388,395 (2d Cir.2006).

Obviously, law enforcement officers in the Erie County Sheriff's Department shared their knowledge of the events of February 19, 2020 involving the defendant with S.A. Webb.   It is the law enforcement shared or imputed knowledge that was utilized by S.A. Webb in his affidavit of February 20, 2020 for purposes of obtaining the Criminal Complaint against the defendant and co-defendant, David Burgin.   Dkt. #1.

### B.  Defendant's Claim of Factual Discrepancies In the Controlled Calls

The defendant argues that "S.A. Webb's affidavit in support of the Criminal Complaint failed to provide a sufficient nexus between [the defendant] and the CI's recorded communications and the conclusions that law enforcement derived therefrom" because the "relevant communications [between the defendant and the CI] never mention, either impliedly or explicitly," the terms or phrases "cocaine, delivery of cocaine and kilogram."   Dkt. #472, p. 6.

As S.A. Webb's affidavit states, the confidential informant admitted to the sheriff deputies his source for the cocaine found on his person and seized at his residence "were supplied to him by David Burgin, apparently 1 week prior" and that "Burgin utilizes his nephew, Rodney Pierce to deliver the cocaine."

The Erie County Sheriff deputies had obtained search warrants for the confidential informant's residence where they seized "1-1/2 kilograms of suspected cocaine" on the morning of February 19, 2020.   This seizure, coupled with the post-*Miranda* statements of the confidential informant certainly were sufficient for a police officer to reasonably believe that there was "reasonably trustworthy information to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."   *United States v. Howard*, 489 F.3d 484, 491 (2d Cir.), *cert. denied* 552 U.S. 1005 (2007); *United States v. Steppello*, 664 F.3d 359, 365-366 (2d. Cir. 2011).   The fact that the confidential informant was able to contact the defendant by telephone and text messages further validated the belief of law enforcement officials that the defendant and informant had been engaged in drug transactions, especially when the calls and texts were monitored by the deputies. Several monitored and recorded wire and text communications between the defendant and the confidential informant resulted in an agreement on February 19, 2020 for the two of them to meet at Auto Zone on Broadway in Buffalo, New York for purposes of completing the sale and purchase of a kilo of cocaine.   The defendant did come to the Auto Zone twice on February 19, 2020, and on the second visit he was arrested and searched as was his vehicle which resulted in the finding and seizure of 1.9 kilograms of suspected cocaine.   Dkt. #1, p. 6, ¶ 10.   The facts set out in paragraph 10 of S.A. Webb's affidavit were legally sufficient for making a finding of probable cause to charge the defendant in the Criminal Complaint.   Dkt. #1.   The claim of the defendant that "absent any discussions involving cost, amount, or purpose of the meet-up for any illicit substance," it is entirely speculative to conclude that [the defendant] and the CI agreed

to meet at Auto Zone for the delivery and purchase of a kilogram of cocaine based upon their controlled conversations."   Dkt. #472, p. 6.   When considering all of the facts and circumstances of this case as set forth above in their totality, this position of the defendant defies common sense and is rejected by this Court.

## CONCLUSION

For the reasons set forth herein and in this Court's Report, Recommendation and Order (Dkt. #305), the defendant's motion for reconsideration and/or an evidentiary hearing is denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.   See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of**

**such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

       The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	November 9, 2022
	Buffalo, New York

								*S/ H. Kenneth Schroeder, Jr.*
								**H. KENNETH SCHROEDER, JR.**
								**UNITED STATES MAGISTRATE JUDGE**