UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                    **DECISION AND ORDER**
        v.                                                           20-CR-29-A

RODNEY PIERCE,
                              Defendant.

_____

        Defendant Rodney Pierce is charged in eight counts of a 22-count

Superseding Indictment (Dkt. No. 24) with a multi-drug conspiracy (Count 1); and

possession of various drugs with intent to distribute, maintaining a drug-involved

premises, and possession of firearms in furtherance of drug trafficking (Counts 7-

13).  The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant

to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

        Pending before the Court are Defendant's combined objections to, and appeal

from (Dkt. No. 504), Magistrate Judge H. Kenneth Schroeder Jr.'s Report,

Recommendation, and Order ("RR&O") (Dkt. No. 305) and Decision and Order

("D&O") (Dkt. No. 477) denying Defendant's motion for reconsideration (Dkt. No.

346) of the RR&O, as well as Defendant's objections (Dkt. No. 532) to the

Supplemental Report, Recommendation and Order ("SRR&O") (Dkt. No. 524).  The

Government filed responses in opposition (Dkt. Nos. 520, 536), and Defendant filed

reply papers (Dkt. Nos. 531, 538).  The RR&O and SRR&O recommend denial of

Defendant's motions to suppress evidence and request for an evidentiary hearing.

Two days before the scheduled oral argument on Defendant's objections to the RR&O, D&O, and SRR&O before this Court, Defendant filed a motion to remand (Dkt. No. 553) the case back to Judge Schroeder for further reconsideration of the RR&O.  Defendant's motion was premised on details that his counsel had gleaned from co-defendant David Burgin's evidentiary hearing transcripts, which he argued "reveal[ed] the necessity of an evidentiary hearing" as to Defendant.  Upon receipt of Defendant's motion, the Court issued a Decision and Order (Dkt. No. 558) remanding the case back to Magistrate Judge Schroeder for further consideration of Defendant's suppression motions and motion for a hearing, without ruling upon his objections or appeal.

Magistrate Judge Schroeder later issued a Decision and Order and Report and Recommendation ("D&O/R&R") (Dkt. No. 684), in which he continues to recommend the Court deny Defendant's request for an evidentiary hearing and deny his motions to suppress evidence obtained on February 19, 2020.  Defendant filed objections to and an appeal from (Dkt. No. 695) the D&O/R&R, the Government filed a response in opposition (Dkt. No. 716) and Defendant filed reply papers (Dkt. No. 733).

The Court then heard oral argument on all objections and requests for relief made by Defendant.  For the reasons stated herein, the Court adopts the RR&O, D&O, SRR&O, and D&O/R&R, and Defendant's motions (Dkt. Nos. 188, 207) are denied.

## STANDARD OF REVIEW

A district court reviews specific objections to an R&R on a dispositive issue—such as a motion to suppress—*de novo*, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3).  When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error.  *See United States v. Preston*, 635 F. Supp. 267, 269 (W.D.N.Y. 2009); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2).  Following review of the R&R, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The standard of review for an appeal from a D&O concerning non-dispositive motions is that a district court "may reconsider" any such matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  This standard is "highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [his] discretion."  *United States v. McCoy*, 14-CR-6181-EAW, 2016 U.S. Dist. LEXIS 163632, *5 (W.D.N.Y. Nov. 28, 2016) (internal quotation marks and citations omitted).

**DISCUSSION**

Given the extensive litigation involved in this case, the Court assumes the

parties' familiarity with the background and procedural history, as well as the issues

under review.  The Court provides such details only to the extent necessary to

explain its reasoning herein.

I.      **Motion to Suppress Evidence Obtained from Search and Seizure of
        Defendant's Vehicle**

Magistrate Judge Schroeder has repeatedly recommended denial of

Defendant's motion to suppress evidence, that is, approximately 1.9 kilograms of

suspected cocaine and two cell phones, obtained during a search and seizure of

Defendant and Defendant's vehicle on February 19, 2020.  He has also denied ad

nauseam Defendant's request for an evidentiary hearing to determine the validity of

the February 19, 2020, search and seizure, "totally" rejecting Defendant's arguments

that a hearing is required.

A defendant who moves for the suppression of evidence seized following a

search is not automatically entitled to an evidentiary hearing.  Rather, an evidentiary

hearing is required when a defendant supports his motion with "moving papers [that]

are sufficiently definite, specific, detailed, and nonconjectural to enable the court to

conclude that contested issues of fact going to the validity of the search are in

question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992).  A defendant

must include an affidavit of someone alleging personal knowledge of the relevant

facts.  *See United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967).  Where a

defendant's papers fail to create a dispute over a material fact, a court may deny a

hearing request.  *See United States v. Caming*, 968 F.2d 232, 236 (2d Cir. 1992).

As the Government argues and the Magistrate Judge concluded, neither

Defendant's original affidavit (Dkt. No. 188-2) nor his supplemental affidavit (Dkt. No.

464) contest the following material facts: Defendant engaged in the subject text

message and voice communications with the confidential informant on February 19,

2020; and Defendant's communications with the confidential informant pertained to

the delivery of one kilogram of cocaine.

Defendant's most recent contention is that his due process rights were

violated because the Magistrate Judge improperly relied upon evidence received at

Burgin's hearing—a hearing Defendant did not participate in—to "provide exclusive

support" for his denial of Defendant's requests for a hearing.  This argument

obfuscates the procedural history and the reason why Magistrate Judge Schroeder

assessed the testimony of law enforcement witnesses in his D&O/R&R.  The

Magistrate Judge engaged in this exercise at Defendant's request, as Defendant

sought further reconsideration of the RR&O based on the transcripts from Burgin's

hearing.  The Magistrate Judge had already determined in the original RR&O and

D&O that Defendant did not raise any material issues of fact warranting a hearing.

Defendant simultaneously complains about the Magistrate Judge's reliance

on evidence admitted at the Burgin hearing, while using said evidence himself to

argue that he is also entitled to a hearing.  Defendant critiques the Magistrate

Judge's purported failure to make any credibility determinations of the Burgin

hearing witnesses, urges this Court to draw an adverse inference based on the

Government's failure to call Special Agent Thomas Webb[1] or the confidential informant at the Burgin hearing, and relies upon selective testimony from the Burgin hearing in arguing Defendant should receive a hearing. The Court rejects this circular reasoning. The Court also notes that Defendant did not participate in the Burgin hearing because he did not claim standing with respect to that search.

The Court otherwise adopts without need for further explanation the Magistrate Judge's recommended denial of Defendant's motion to suppress evidence obtained from his vehicle on February 19, 2020, and recommended denial of Defendant's motion for an evidentiary hearing.

## II.    Motion to Suppress Evidence Obtained from Two Cell Phones

Two cell phones were seized from Defendant's vehicle on February 19, 2020. Thirty-four days later, on March 24, 2020, Government applied for warrants to search those cell phones,[2] warrants that were issued by Magistrate Judge Schroeder that same day. Defendant moved to controvert the search warrants and to suppress evidence obtained from the search of the two phones on the grounds that (1) the search warrant application was insufficient and overbroad; (2) the 34-day delay in applying for and obtaining the search warrants was unreasonable; and (3)

---

[1] Special Agent Webb is the individual who authored the affidavit in support of the Criminal Complaint in this matter, which Magistrate Judge Schroeder primarily relied upon in the RR&O and D&O in finding there was probable cause for the warrantless stop of Defendant. Special Agent Webb also authored the affidavit in support of the warrant application to search Defendant's two cell phones that were seized from Defendant's vehicle on February 19, 2020.

[2] *See* 20-MJ-60-HKS, Dkt. No. 1 (search warrant application).

the search warrants were not timely executed.  In the alternative, Defendant moved

for an evidentiary hearing on these issues.  In the RR&O, SRR&O, and D&O/R&R,

Magistrate Judge Schroeder recommends that the Court deny Defendant's motions

in their entirety.

***Validity of the Search Warrants***

In the RR&O, Magistrate Judge Schroeder finds that the totality of the

circumstances as described in Special Agent Webb's affidavit in support of the

March 24, 2020, search warrant application "formed a sound basis for the issuance

of the search warrant[s]" authorizing the search of Defendant's two cell phones.  Dkt.

No. 305, pp. 11-12.  In the D&O/R&R, he finds that even after excising paragraphs

15, 16, and 17, of the search warrant application that reference the search of 56

Grimes Street, Buffalo, New York ("56 Grimes Street"), on February 19, 2020, and

the evidence obtained during that search,[3] Special Agent Webb's affidavit "clearly

established" probable cause to issue the warrants.  Dkt. No. 684, pp. 6-7, citing

*United States v. Canfield*, 212 F.3d 713, 717-18 (2d Cir. 2000).

"[W]hen reviewing an issuing judge's probable cause determination based on

an affidavit in support of a search warrant, courts generally accord[] substantial

deference to the finding of an issuing judicial officer that probable cause exists,

limiting [the] inquiry to whether the officer had a substantial basis for his

determination."  *United States v. Guay*, 464 F. Supp. 3d 507, 513 (W.D.N.Y. 2020)

---

[3] In Defendant's initial set of objections (Dkt. No. 504), he argued that the Magistrate
Judge's probable cause finding in the RR&O was "based on a fatal error" by referring to
56 Grimes Street as Defendant's residence.

(internal quotation marks and citations omitted); *see United States v. Jones*, 43 F.

4th 94, 109 (2d Cir. 2022) (same).  Affording due deference to Magistrate Judge

Schroeder's probable cause finding, and having reviewed the warrant application

itself, the Court adopts that finding in full.

***Delay in Applying for the Search Warrants***

On March 24, 2020, thirty-four days after the two cell phones were seized

from Defendant's vehicle, the Government applied for warrants to search those

phones.  On July 28, 2020, the Second Circuit issued its opinion *United States v.*

*Smith*, 967 F.3d 198 (2d Cir. 2020).  *Smith* "clarified the standard for determining

when a delay in searching a digital storage device after the device had been seized

by law enforcement is so long a delay that it violates the Fourth Amendment."

*United States v. Green*, 18-CR-121-A, 2021 U.S. Dist. LEXIS 88983, *2 (W.D.N.Y.

May 10, 2021).  The Second Circuit concluded that, as to the first of four factors that

are "generally relevant" in deciding "whether the police have waited an unreasonable

amount of time before seeking a search warrant," a month-long delay is

presumptively unreasonable and therefore the 31-day period of delay in *Smith*

weighed "substantially" in favor of the defendant.  *Id.* at 206-07.

Relying upon *Smith*, Defendant moved to suppress the evidence obtained

from his two cell phones.  In the D&O/R&R, Magistrate Judge Schroeder

recommends that this Court deny Defendant's motion to suppress without a hearing.

The Court hereby adopts Judge Schroeder's reasoning that *Smith* is distinguishable

in that the two cell phones have obvious evidentiary value as tools of the drug trade,

regardless of their contents, which goes to the third *Smith* factor (whether the

defendant had a reduced property interest in the seized item).  *Cf. Smith*, 967 F.3d

at 209 ("The tablet's evidentiary value turned solely on what the police might find

from a search of its contents.  And the police could not search its contents unless

and until they applied for a search warrant.").

Like Magistrate Judge Schroeder's further reasoning in the D&O/R&R,

however, the Court does not see the need to conduct an analysis of all the *Smith*

factors.[4]  Even if the Court were to find there was a Fourth Amendment violation

based upon the approximate 34-day delay, the Court concludes the exclusionary

rule does not apply.  There is no evidence that the affiant of the search warrant

application acted deliberately, recklessly, or with gross negligence, and there is no

showing of systemic or recurring negligence.  *See Smith*, 967 F.3d at 211-12.  In

*Smith*, the Second Circuit held that the exclusionary rule did not apply because

"precedent ran both ways" regarding what length of delay was unreasonable when

the defendant's electronic device was seized; thus, the Circuit was "not convinced

that an objectively reasonable officer would have known that the delay amounted to

a violation of the Fourth Amendment."  *Smith*, 967 F.3d at 212-13 and nn.3-4

(collecting cases), citing *United States v. Howe*, 545 F. App'x 64, 65-66 (2d Cir.

2013) (summary order) (pre-*Smith* case where 13-month delay was not

constitutionally unreasonable, given the facts of the case).

---

[4] In the SRR&O, Magistrate Judge Schroeder *did* conduct a *Smith* analysis and found all four factors to weigh in favor of the Government, and concluded that, nevertheless, the exclusionary rule did not apply.  Defendant objected to these findings.  Because the Court agrees with the latter finding, it need not address the former.

*Smith* was decided approximately five months after Defendant's two cell phones were seized, and four months after law enforcement submitted the search warrant application to the Magistrate Judge.  In this set of circumstances, the Court does not see how exclusion of this evidence would "result in appreciable deterrence of police misconduct."  *Smith*, 967 F.3d at 211-12; *see United States v. Daskal*, 676 F. Supp. 3d 153, 170 (E.D.N.Y. 2023) ("District courts in this Circuit have interpreted *Smith*, decided in July 2020, as creating notice that an unjustified month-long delay is inexcusable…For delays occurring before this decision, courts have declined to apply the exclusionary rule even where the delay substantially exceeded one month…Today, law enforcement is on clear notice that unjustified delays of one month or greater in obtaining a warrant to search property seized without a warrant will result in exclusion.  At the time of the seizure in question, it was not.") (collecting cases); *United States v. Wells*, 20-CR-633 (NRB), 2023 U.S. Dist. LEXIS 30720, *23 n.6 (S.D.N.Y. Feb. 23, 2023) ("The Court does not dispute that through *Smith* the Second Circuit explicitly put law enforcement on notice that month-long, unjustified delays will no longer be tolerated…At the time of the seizures of the phones, however, such a bright-line rule had not yet been created.  Accordingly, courts have declined to apply the exclusionary rule to delays preceding *Smith*.") (internal quotation marks and citations omitted).

In light of the above case law finding law enforcement was placed on notice when *Smith* was decided on July 28, 2020, the Court rejects Defendant's argument that the exclusionary rule should apply in this instance.

10

***Delay in Executing the Search Warrants***

Both warrants issued by Magistrate Judge Schroeder on March 24, 2020, authorizing searches and extraction of specified content from each phone, directed they should be executed by no later than April 7, 2020, within 14 days from the date the warrant was issued.  The Government did not perform its data extractions until July 20, 2020.  Defendant argues that the Government therefore did not timely execute the search warrants because it did so over three months after the authorized time to search had expired.

Rule 41(e)(2)(A)(i) of the Federal Rules of Criminal Procedure provides that a search warrant "must command [law enforcement] to execute the warrant within a specified time no longer than 14 days[.]"  Rule 41(e)(2)(B) clarifies, however, that a warrant seeking seizure of electronically stored information (such as that contained in a cell phone) "[u]nless otherwise specified . . . authorizes a later review of the media or information consistent with the warrant.  The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review."  *See also United States v. Alston*, 15-CR-435 (CM), 2016 U.S. Dist. LEXIS 63776, *8 (S.D.N.Y. Apr. 29, 2016), citing Fed. R. Crim. P. 41(e)(2)(B), 2009 Advisory Committee Notes.  Thus, Rule 41 is silent as to a specific time limit for forensic examinations by the Government after a digital device has been seized pursuant to a search warrant.

The Court agrees with Magistrate Judge Schroeder's reasoning in the SRR&O, relying on *United States v. Estime*, 19-CR-711 (NSR), 2020 U.S. Dist. LEXIS 191242 (S.D.N.Y. Oct. 14, 2020), *i.e.*, because the Government had legal

11

possession of the two cell phones on March 24, 2020, the Government "'effectively

executed the search warrant(s)' on March 24, 2020."  SRR&O at p. 10; *see Estime*,

2020 U.S. Dist. LEXIS 191242, at *38-39 ("The majority of courts…agree that,

consistent with the language of Fed. R. Crim. P. 41(e)(2)(B) and the advisory

committee's notes, the Government does not need to copy the entire storage

medium or review the ESI in order to execute a search warrant for ESI…The

majority of these courts have also determined that a search warrant for ESI is

executed upon the seizure of the physical storage medium, *e.g.*, a cellphone.")

(collecting cases).

Defendant objects, arguing that the Fourth Amendment also requires the

Government to complete its review of an electronic device within a reasonable

period, and the Magistrate Judge did not conduct a reasonableness analysis.

Defendant cites in support *United States v. Alston*, 15-CR-435 (CM), 2016 U.S. Dist.

LEXIS 63776, *9 (S.D.N.Y. Apr. 29, 2016) ("While Rule 41 prescribes no particular

time period for data extraction…, the time needed to complete off-site copying or

review is subject to the rule of reasonableness."), citing *United States v. Ganias*, 755

F.3d 125, 136 (2d Cir. 2014).  To the extent Defendant made this argument before

the Magistrate Judge—and the Court is not sure that he did—this separate inquiry

does not appear to have been contemplated by the Magistrate Judge.  In *Estime*,

the Southern District addressed, in addition to the inquiry about the timing of the

initial execution of the warrant, whether the *completion* of the Government's review

of the electronic devices was done within a reasonable period.  The Government in

that case explained its delay (*i.e.*, "difficulties created by encryption") that is absent

here.  Defendant reasons that an evidentiary hearing is therefore required to make an adequate finding of reasonableness.

What Defendant overlooks in the *Estime* decision, however, is the observation that "Courts have previously determined that delays of 10 months, or more, in reviewing electronic data are not *per se* unreasonable, *even when the government does not furnish a basis for the delay* in searching electronic data."  *Estime*, 2020 U.S. Dist. LEXIS 191242, at *41-42 (collecting cases, emphasis added).

Even without an explanation from the Government for the months-long delay in completing its forensic analysis of the cell phones, the Court concludes Defendant has "made no showing or suggestion of prejudice resulting from the belated execution and no evidence exists that [law enforcement] intentionally disregarded the terms of the warrant."  *United States v. Ahmad*, 11-CR-6130L, 2012 U.S. Dist. LEXIS 74325, *24-26 (W.D.N.Y. May 29, 2012) (noting that "failure to comply with the requirements of Rule 41 should result in suppression only where (1) there was prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.") (internal quotation marks and citations omitted), *report and recommendation adopted by United States v. Ahmad*, 11-CR-6130L, 2012 U.S. Dist. LEXIS 103003, *5-6 (W.D.N.Y. July 24, 2012); *see Alston*, 2016 U.S. Dist. LEXIS 63776, at *9 ("[E]ven if the delay had been unreasonable, suppression would not be the appropriate remedy because there was no prejudice to the defendant by the delay, and there is no evidence of any

intentional and deliberate disregard of any provision of Rule 41.") (internal citations omitted).  As such, the Court will not order suppression of the phones on this basis.

### CONCLUSION

Any remaining contentions made by Defendant have been reviewed by the Court and are hereby rejected.

For the foregoing reasons, it is ORDERED that Magistrate Judge Schroeder's RR&O (Dkt. No. 305), D&O (Dkt. No. 477), SRR&O (Dkt. No. 524), and D&O/R&R (Dkt. No. 684), are adopted; and it is further

ORDERED that Defendant's objections and appeals (Dkt. Nos. 504, 532, 695) are denied; and it is further

ORDERED that Defendant's motion to suppress (Dkt. No. 188) evidence seized from the search and seizure of Defendant's vehicle on February 19, 2020, and fruits of the search, and alternative motion for an evidentiary hearing, are denied; and it is further

ORDERED that Defendant's motion to controvert (Dkt. No. 188) and supplemental motion to controvert (Dkt. No. 207) search warrants authorizing the search of Defendant's two cell phones seized on February 19, 2020, and alternative motion for an evidentiary hearing, are denied; and it is further

ORDERED that time remains excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(6).

15

**SO ORDERED.**

__*s/Richard J. Arcara*_____

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   March 4, 2025
         Buffalo, New York